IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARGARET FEISSNER** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No. WGC-04-1146** |
| | : | |
| **WAL-MART STORE #1893,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

Plaintiff, Margaret Feissner, brought this action against Defendants, Wal-Mart Store #1893, Wal-Mart Stores, Inc. t/a Wal-Mart Store #1893, Wal-Mart Stores East, Inc. t/a Wal-Mart Store #1893, Wal-Mart Stores East, LP t/a Wal-Mart Store #1893 ("Wal-Mart") and Win Holt Equipment Corporation ("Win Holt"), alleging negligence and premises liability against Defendant Wal-Mart and alleging defect in design (products liability) and defect in warning (products liability) against Defendant Win Holt. The parties consented to proceed before a United States Magistrate Judge for all further proceedings in the case and the entry of a final judgment (Docket No. 15). Defendant Wal-Mart and Defendant Win Holt move for summary judgment. *See* Docket No. 36, 38. No opposition or response has been filed by Plaintiff and the deadline for filing has elapsed. Defendant Wal-Mart requests an oral hearing (Docket No. 36). The court deems such a hearing unnecessary, *see* Local Rule 105.6 (D. Md.), and thus **DENIES** Defendant Wal-Mart's Request for Oral Hearing (Docket No. 36).

1

## I. BACKGROUND

On December 5, 2000, at approximately 9:30 - 10:00 p.m. at the Wal-Mart store located in Bowie, Maryland, Plaintiff and her niece departed the store with a shopping cart filled with Wal-Mart purchases. They approached the niece's van. Plaintiff's niece unloaded the purchases from the shopping cart into her van. Plaintiff then took the shopping cart to return the shopping cart to the cart corral located on the parking lot. While pushing the shopping cart into the cart corral, Plaintiff tripped and fell over a metal plate, part of the cart corral, which laid flat against the asphalt parking lot. As a result of her trip and fall, Plaintiff alleges injuries to her head, body and limbs, a severe shock to her nerves and nervous system and great physical pain and mental anguish.

## II. STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrision v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. On the other hand, on those issues on which the nonmoving party will have the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256. However, "'[a] mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

A court does not automatically grant an unopposed motion for summary judgment. Fed. R. Civ. P. 56(e). Even if the adverse party does not respond, the court shall grant summary judgment in favor of the moving party only if appropriate. *Id.; see Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.").

3

### III. DISCUSSION

*A.    Claims Against Wal-Mart*

Defendant Wal-Mart implicitly recognizes that Plaintiff was an invitee[1] of Defendant when she tripped and fell in the parking lot of Wal-Mart's store located in Bowie, Maryland on December 5, 2000. The duty Defendant Wal-Mart owes to Plaintiff is to "use reasonable and ordinary care to keep [its] premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for [her] own safety, will not discover." *Bramble v. Thompson*, 264 Md. 518, 521, 287 A.2d 265, 267 (1972) (citations omitted). The owner or occupier of land is not required however to protect the invitee from any and all possible dangers.

> [A]n owner or occupier of land only has a duty to exercise reasonable care to "protect the invitee from injury caused by an unreasonable risk" that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care. The duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers.

*Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388, 693 A.2d 370, 374 (1997) (internal citations omitted).

At her deposition Plaintiff testified that, as she pushed the shopping cart into the cart corral, her shoe caught the metal plate that runs across the front of the cart corral. Plaintiff was wearing "flat shoes" which had a little heel on the bottom. *See* Feissner Dep. 30:7 - 21. Plaintiff did not notice

---

[1] "An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business." *Bramble v. Thompson*, 264 Md. 518, 521, 287 A.2d 265, 267 (1972).

4

anything defective about the metal plate before or after she fell.  Plaintiff testified about her recollection of the incident.

> Q:  On the night of the accident, did you ever get a chance to inspect the piece of metal on the ground?
>
> A:  No.
>
> Q:  Okay.  Before you fell, did you notice anything unusual about the cart corral?
>
> A:  No, I did not.
>
> Q:  Okay.  The piece of metal that you tripped on, did you ever notice it on the night of the incident being raised up off of the pavement at all?
>
> A:  No.
>
>     \*   \*   \*   \*   \*   \*   \*
>
> Q:  Had you ever been to that store before the night of the fall?
>
> A:  No, I had not.
>
> Q:  The shopping cart, you said you pushed the shopping cart – –
>
> A:  Yes.
>
> Q:  – – over that piece of metal – –
>
> A:  Yes.
>
> Q:  – – before you fell.
>
> A:  Yes.
>
> Q:  Did you have any problems – –
>
> A:  Pushing it?

5

>Q:  – – pushing the shopping cart over that piece – –
>
>A:  No.
>
>Q:  – – of metal?
>
>A:  I didn't have any problems pushing it, but I flew up in the air. The cart went one way, and I went to the ground, and my eye glasses went another. My teeth, fortunately, stayed in.
>
>Q:  Okay. Did you notice anything unusual when you pushed the shopping cart across the strip of metal?
>
>A:  No. I wasn't – – I wasn't looking for an accident.
>
>Q:  No, I understand that. I just mean did you notice anything?
>
>A:  No.

Feissner Dep. 34:3 - 13, 35:4 - 36:9.

Under Maryland law negligence means doing something a person using reasonable care would not do, or not doing something a person using reasonable care would do. *Maryland Civil Pattern Jury Instruction* 19:1. Ordinary or reasonable care means "that caution, attention or skill a reasonable person would use under similar circumstances." *Id.*

"[T]he proprietor of a store is not an insurer of his customers while they are on the premises, and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store." *Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113, 118, 113 A.2d 405, 408 (1955). Plaintiff must show Defendant Wal-Mart's negligence caused the injury alleged. "[T]he burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence." *Id.* at 119, 113 A.2d at 408.

Viewing the evidence in the light most favorable to Plaintiff, the court finds Plaintiff has failed to establish a *prima facie* case of negligence by Defendant Wal-Mart. Plaintiff has not demonstrated that Defendant Wal-Mart created the dangerous condition or that Defendant Wal-Mart was aware of an alleged dangerous condition before Plaintiff's accident. Moreover, there is no evidence Defendant Wal-Mart had constructive knowledge of the alleged dangerous cart corral. *See* Docket No. 36, Ex. C (Robinson Aff. ¶ 6).

Defendant Wal-Mart has demonstrated that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). Defendant Wal-Mart is entitled to judgment as a matter of law on Counts I and II of the Complaint.

      B.      *Claims Against Win Holt.*

In her Complaint Plaintiff alleges that the cart corral was designed, manufactured and sold by Defendant Win Holt, that Defendant Win Holt sold the cart corral in a defective and dangerous condition and that Defendant Win Holt failed to include a warning necessary for the safe and proper use of its product. Compl., ¶¶ 21-22, 28. In an affidavit John McLaughlin, Chief Financial Officer of Win Holt, acknowledges that the company sold a cart corral to Defendant Wal-Mart for use at its store in Bowie, Maryland in *April 2001*, approximately four months *after* Plaintiff's accident. "Defendant Win Holt . . . has no record of ever manufacturing, designing, selling or otherwise providing a cart corral to Co-Defendant Wal Mart . . . for use at its store in Bowie, Maryland, prior to April 2001." Docket No. 38, Ex. 3 (McLaughlin Aff. ¶ 3). Mr. McLaughlin reviewed the three photographs of the cart corral introduced as Feissner Exhibits 1, 2 during Plaintiff's deposition. Plaintiff verified the metal plate she tripped over when shown the photographs. The cart corral depicted in these photographs, Mr.

7

McLaughlin affirms, is not a Win Holt cart corral.

Viewing the evidence in the light most favorable to Plaintiff, the court finds Defendant Win Holt is not responsible for Plaintiff's injuries. The cart corral which Plaintiff tripped over on December 5, 2000 was not designed, manufactured, sold or otherwise provided by Defendant Win Holt.

Even if Defendant Win Holt designed, manufactured, sold or otherwise provided the cart corral located in the parking lot of the Wal-Mart store in Bowie, Maryland, Plaintiff has failed to establish a *prima facie* case of defective design. In her Complaint Plaintiff alleges Defendant Win Holt placed into the stream of commerce and sold "in a defective and unreasonabl[y] dangerous condition in that the design of the shopping cart corral was such that the ultimate user thereof pushing a shopping cart into the shopping cart corral could not, with the exercise of reasonable care and caution, see the steel plate which was a part of said shopping cart corral and said ultimate user could foreseeably trip and fall over said steel plate." Compl. ¶ 22. To prevail on a defective design claim under a theory of strict liability in tort, Plaintiff has the burden of establishing "(1) the product was in a defective condition at the time that it left the possession or control of the seller, (2) that it was unreasonably dangerous to the user or consumer, (3) that the defect was a cause of the injuries, and (4) that the product was expected to and did reach the consumer without substantial change in its condition." *Phipps v. General Motors Corp.*, 278 Md. 337, 344, 363 A.2d 955, 958 (1976). Plaintiff has not presented any evidence of a defect in the cart corral.

At her deposition Plaintiff disclosed that she did not notice anything unusual about the cart corral before she fell. The metal plate in front of the cart corral which Plaintiff tripped on was not raised slightly off the pavement. Plaintiff did not notice anything unusual about the metal plate when she

pushed the shopping cart over the metal plate. Plaintiff had no difficulty or any problems pushing the shopping cart over the metal plate. On the night of December 5, 2000, neither Plaintiff nor her niece inspected the metal plate after Plaintiff tripped. Moreover, Plaintiff does not know if the cart corral has changed in any way since her accident. "If it had, I don't know because I didn't see it before and after to compare." Feissner Dep. 51:5-6. Defendant Win Holt has demonstrated that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). Defendant Win Holt is entitled to summary judgment on Count III of the Complaint.

      Count IV of the Complaint alleges a product liability (defect in warning) claim.

> Plaintiff's injuries were caused by a defect in the shopping cart corral in that the shopping cart corral should have contained a properly posted and visible warning to the ultimate user that the steel plate was present and/or the steel plate should have been painted in some bright, contrasting color or other readily and clearly visible warning to the ultimate user so that the ultimate user would not trip and fall over the steel plate on the surface of the parking lot. If the shopping cart corral had contained such a clear and visible warning or if the steel plate had been so painted as to clearly contrast with the parking lot, the Plaintiff would not have tripped and fallen and would not have been injured at all.

Compl. ¶ 30.

      Plaintiff alleges Defendant Win Holt sold the cart corral. The affidavit of John McLaughlin, Chief Financial Officer of Win Holt, refutes this assertion. Assuming Defendant Win Holt sold the cart corral, Plaintiff's evidence is insufficient to support a strict liability failure to warn claim. "The general rule in American products law is that defendants owe no duty to warn of risks that are obvious to normal, reasonable users and consumers. . . . Thus, the issue for purposes of determining whether a breach of duty occurred is not whether the plaintiff actually recognized the risk, but whether a

reasonable person in the plaintiff's position would have done so." *Mazda Motor of America, Inc. v. Rogowski*, 105 Md. App. 318, 328, 659 A.2d 391, 395-96 (1995) (citation omitted).

At her deposition Plaintiff acknowledged seeing the metal plate that is part of the cart corral. Plaintiff never suggested that the metal sheet was not clearly visible. Plaintiff did not indicate that she could not distinguish the metal plate from the surface of the parking lot. In fact Plaintiff saw the metal plate before pushing the shopping cart into the cart corral. Plaintiff testified that she had no problems pushing the shopping cart over the metal plate.

The metal plate was open and obvious. A reasonable person in Plaintiff's position should have appreciated any dangers of tripping over the metal strip if she crossed it. "[T]here is no duty to warn on the part of a manufacturer or supplier of a product if the plaintiff knows, should know, or reasonably may be expected to know of a particular danger inherent in a product, or the danger is or should be obvious." *Rogowski*, 105 Md. App. at 328, 659 A.2d at 395 (citation omitted). Defendant Win Holt has demonstrated that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). Defendant Win Holt is entitled to summary judgment on Count IV of the Complaint.

For the foregoing reasons, an order will be separately entered awarding summary judgment in favor of the Defendants and against the Plaintiff.

July 8, 2005                                                                /s/
_____                               _____
    Date                                                                WILLIAM CONNELLY
                                         UNITED STATES MAGISTRATE JUDGE